UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK F. KOCH,

    Plaintiff,

  v.

CARLA WADE,

    Defendant.

Case No. 16-02035 BLF (PR)

**ORDER OF DISMISSAL**

Plaintiff, an inmate at the California Health Care Facility ("CHCF") in Stockton, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983,[1] against Defendant Carla Wade. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.

## DISCUSSION

**A.** <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a

---

[1] This matter was transferred in from the Eastern District of California for lack of proper venue because the defendant is located in and claims arose in Santa Cruz County, which lies within the venue of this district. (Docket No. 5.)

1  prisoner seeks redress from a governmental entity or officer or employee of a
2  governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any
3  cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim
4  upon which relief may be granted or seek monetary relief from a defendant who is immune
5  from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally
6  construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

7  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
8  elements: (1) that a right secured by the Constitution or laws of the United States was
9  violated, and (2) that the alleged violation was committed by a person acting under the
10  color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.  **Plaintiff's Claims**

Plaintiff filed this action against Defendant Carla Wade, who is the "Probation Supervisor" in Santa Cruz.  (Compl. at 2.)  Plaintiff claims that in September 2014, Defendant called his boss and had him fired from his new job, thereby depriving him of fair employment.  (*Id.*)  He also claims that she "discriminated against me mentally," and was "harassing me when I had the right to travel 50 miles out of my county to work," according to the terms of his probation.  (*Id.*)  Plaintiff claims that it is "cruel and unusual in that I had to sleep at the back door at probation while I wore a clastomy [*sic*] bag and had no access to a rest room or running water."  (*Id.*)

Plaintiff filed a previous action before this Court against the same Defendant under *Koch v. County of Santa Cruz Probation*, *et al.*, Case No. 15-03895 BLF (PR) ("*Koch I*"), which was dismissed on April 5, 2016, for failure to state a claim upon which relief may be granted.  In that case, Plaintiff claimed that in September 2014, Defendant Wade told him that he could no longer go to Monterey, and that she called his boss and had him fired.  *Koch I*, (ECF No. 18 at 3).  Plaintiff also claimed that Defendant Wade violated his right under the Eighth Amendment "not to have unusual and cruel conditions imposed on [him]."  (*Id.* at 3-4.)

Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious.  *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915.  *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Bailey, 846 F.2d at 1021.  An *in forma pauperis* complaint repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, therefore is subject to dismissal as duplicative.  *Bailey*, 846 F.2d at 1021; *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975).

Plaintiff is seeking leave to proceed *in forma pauperis*, as he did in the previous action discussed above.  This is now Plaintiff's second *in forma pauperis* action filed against the same Defendant in which he repeats the same claims.  It is therefore subject to dismissal under § 1915 as abusive.  *See Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021.

### CONCLUSION

For the foregoing reasons, the complaint is DISMISSED as duplicative and abusive.  *See* 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

Dated:  July 28, 2016

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.16\02035Koch_dism(dup)

3